## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

KEVIN D. MARTIN,                                   :
3507 Sheffield Manor Terrace, Apt. 402             :
Silver Spring, MD 20904 (Mont. Co.)                :
                                                   :
*on behalf of himself and others*                  :
*similarly situated*,                              :
                              *Plaintiff,*         :          Civil Action No. _____
               v.                                  :
                                                   :
FAIR COLLECTIONS &                                 :
OUTSOURCING, INC.,                                 :
12304 Baltimore Avenue                             :
Beltsville, MD 20705                               :
                                                   :
<u>Serve on:</u>                                   :
Michael E. Sobota, Resident Agent                  :
10016 Carmelita Drive                              :
Potomac, MD 20854                                  :
                                                   :
                              *Defendant.*         :

### <u>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Kevin D. Martin ("Named Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, sues Fair Collections & Outsourcing, Inc., (hereinafter referred to as "Defendant" of "FCO").

1.      This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (FCRA)*,* brought on behalf of applicants for employment with Defendant Fair Collections & Outsourcing, Inc. (FCO).  Plaintiff contends that FCO systematically violates section 1681b(b)(3) of the FCRA by using a consumer report to make an "adverse" employment decision without, beforehand, providing the person who is the subject of the report a copy of the report and a summary of rights under the FCRA. As a consequence of that violation, job applicants are denied the opportunity to dispute the report *before* the adverse action is taken.

2.      Plaintiff also contends that Defendant systematically violates section 1681b(b)(2) of the FCRA by requiring job applicants to sign a standardized consent form which, among other things, requires the job applicant to agree, as a condition of employment, that FCO does not engage in discrimination, requires the applicant to notify FCO within five days of a challenge to the accuracy of a report (contrary to the provisions of the FCRA) and contains other extraneous language not permitted by the FCRA's stand-alone disclosure requirement.

3.      The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4) (emphasis added), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate.   15 U.S.C. § 1681(b).   Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of "consumer reports" such as FCO. This action involves Defendant's systematic violation of those important rules.

4.       Plaintiff Kevin D. Martin was denied employment at FCO based on a standardized background screen that, pursuant to a contract with FCO, a third-party screener conducts on all candidates for hire or promotion.

5.      In violation of the FCRA, Defendant required Plaintiff to sign a standardized disclosure and application form which, among other things, did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes," as required by 15 U.S.C. § 1681b(b)(2)(A)(i), but instead unlawfully attempted to obtain in advance a release of Defendant's liability for any discriminatory actions and which was embedded with other extraneous language.

6.      In further violation of the FCRA, FCO willfully and negligently failed to provide Plaintiff with the mandatory "pre-adverse action notice" and a copy of the damaging background report used to disqualify him *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3). Every year, numerous individuals who have applied to FCO for employment have been similarly aggrieved by the same willful violation of 15 U.S.C. § 1681b(b)(3).

7.      Plaintiff seeks monetary relief under 15 U.S.C. §§ 1681o and 1681n for himself and a class of similarly situated employment applicants.

## PARTIES

8.      Plaintiff Kevin D. Martin is an adult individual residing in Silver Spring, Maryland.

9.      Defendant FCO is a corporation with headquarters and principal place of business located at 12304 Baltimore Avenue, Beltsville, MD 20705.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. §1681p in that all claims brought arise under the FCRA, 15 U.S.C. § 1681 *et seq*.

11.      Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

### Background:  Defendant's Use of Screening Services

12.      FCO uses the screening services of Sterling Infosystems, Inc., aka Sterling Backcheck ("Sterling') to perform background checks on applicants for employment.  Pursuant to FCO's contract with Sterling, the results of these services are delivered directly to FCO.

13.     Sterling is among the largest of this nation's employment background screening companies, *i.e.,* those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to employers.

14.     Sterling investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

15.     From its files, Sterling sells consumer reports to potential employers (such as Defendant) wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants or employees.

16.     Under the FCRA, a "user" of a consumer report, such as FCO, who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A).

17.     The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant that he is about to experience an adverse action, such as a rejection, based on the content of a report, and to provide him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.

**The Facts Pertaining to Class Representative Plaintiff Kevin D. Martin**

18.     In August 2014, Plaintiff Kevin D. Martin interviewed with two different managers for an employment position at FCO.  On August 4, 2014, FCO extended an offer of employment to Plaintiff, which was signed by FCO's Vice-President for Collections, Kevin Martin (no relation to Plaintiff) and its Collections Manager, Willie Dawson, Sr.

19.     Pursuant to its standard hiring practices, FCO had Plaintiff sign a document entitled "Consent to Request Consumer Report & Investigative Consumer Report Information" (the "Consent Form").   The Consent Form is a standardized form drafted and prepared by Sterling and supplied to its customers such as FCO.   A redacted copy of the Consent Form is attached hereto as Exhibit A.

20.     The Consent Form required disclosure of Plaintiff Kevin D. Martin's full name and social security number, among other things, all of which he provided in writing.

21.     The Consent Form also contained the following language:

- The Form requires the applicant to acknowledge an understanding concerning a "conditional decision to disqualify me."   Under the FCRA, the user of a consumer report must provide the consumer with a copy of the report prior to any adverse action being taken, not just a "conditional decision to disqualify."   15 U.S.C. § 1681b(b)(3).

- The Form requires an acknowledgment that "I understand … if I disagree with the accuracy of the purported disqualifying information in the Report, I must notify COMPANY within five business days of my receipt of the Report that I am challenging the accuracy of such information with STERLING."   This is a false statement of the law; the FCRA permits a consumer to dispute an inaccuracy at any time.   15 U.S.C. § 1681i; there is no 5 business day restriction for dispute or notifications to employers.

- The Form requires the applicant to release possible future claims: "In order to verify my identity for purposes of Report preparation, I am voluntarily releasing my date of birth, social security and the other information and fully understand that all employment decisions are based on legitimate non-discriminatory reasons."   This is a deceptive ploy; a job applicant cannot know what the employer's hiring practices are or whether it acts in a discriminatory manner.   No law of which Plaintiff is aware requires a job applicant to admit in advance that an employer's hiring decisions are non-discriminatory.

- The Form contains a confusing and misleading reference to "investigative consumer reports."   No such report was at issue here, or obtained on Mr. Martin.

- The Form contains a number of paragraphs of extraneous and irrelevant language purportedly relating to state laws.

Exhibit A at p. 1.

22.     The Consent Form that Defendant required Mr. Martin to sign was not the "clear and conspicuous disclosure … in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes" as required by section 1681b(b)(2)(A)(i) of the FCRA.

23.     The Consent Form improperly attempted to use a statutorily mandated disclosure to get the consumer, among other things, to waive his or her rights and prospectively agree that the employer only acts in non-discriminatory fashion, as well to agree to things not required or provided by law (*e.g*., under the FCRA, a consumer can dispute at any time; he is not limited to five days).

24.     FCO knew or should have known that its policy of including a release of liability for discriminatory conduct within the Consent Form, as well as all the other extraneous language noted above, was a violation of the FCRA because the statutory language of section 1681b(b)(2)(A) was pellucidly clear that Defendant could not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely***[1] ***of the disclosure***, that a consumer report may be obtained for employment purposes."  15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis supplied).

---

[1]     According to the Merriam-Webster online dictionary, the word "solely" is defined as "without anything or anyone else involved;" and "to the exclusion of all else."  *See* http://www.merriam-webster.com/dictionary/solely.   According to dictionary.com, "solely" means "exclusively or only."   *See* http://dictionary.reference.com/browse/solely.   These dictionary definitions of the word "solely" leave no doubt that a document disclosing that an employer planned to obtain a consumer report does not "consist[] solely of the disclosure" when the document also contains a release of liability.

25.     In addition, interpretations of the FCRA by the Federal Trade Commission (FTC) from 1998, fourteen years prior to Defendant's requirement that Mr. Martin sign the Consent Form, show that inclusion of a liability release in a background authorization or disclosure form violates the FCRA. In response to company inquiries, the FTC issued two opinion letters addressing section 1681b(b)(2)'s "consists solely" language.  The first letter explicitly states that "inclusion of ... a waiver [of one's FCRA rights] in a disclosure form will violate" section 1681b(b)(2) because the form will not "consist 'solely' of the disclosure."  Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998). The second letter stated that the FCRA prohibits disclosure forms "encumbered by any other information ... [in order] to prevent consumers from being distracted by other information side-by-side with the disclosure."  Letter from Clarke W. Brinckerhoff, Fed. Trade Comm' n, to H. Roman Leathers, Manier & Herod (Sept. 9, 1998).

26.     Numerous courts interpreting the FCRA have found FTC opinion letters persuasive.  *See, e.g., Owner–Operator Independent Drivers Ass'n, Inc. v. USIS Commercial,* 537 F.3d 1184, 1192 (10th Cir. 2008); *Morris v. Equifax Info. Servs., LLC,* 457 F.3d 460, 468 (5th Cir. 2006).  *See also*, *Gager v. Dell Financial Services, LLC,* 727 F.3d 265, 271-72 n.5 (3d Cir. 2013) (affording some deference to Federal Communication Commission analysis and finding it persuasive in interpreting Telephone Consumer Protection Act).

27.     Waivers of a consumer's right to sue for prospective acts are generally condemned as unenforceable and courts will hold them to be void.[2]

---

[2]     *See Massey v. On-Site Manager, Inc*., 2011 WL 4356380, *3-5 (E.D.N.Y. Sept. 16, 2011) (denied defendant's attempt to enforce waiver as to plaintiff's FCRA claim for willful conduct).

28.     The FCRA statutory text, the FTC opinions and the *Massey* case constitute significant authority existing during the time that Defendant included the improper liability release in its Consent Form that it required employment applicants to sign.

29.     The Consent Form that FCO provided to Mr. Martin violated section 1681b(b)(2) of the FCRA because it did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes."  15 U.S.C. § 1681b(b)(2)(A)(i).[3]

30.     Instead, Defendant unlawfully attempted to obtain in advance a waiver and release of Mr. Martin's and other consumers' rights to be protected from discriminatory acts and improperly provide prophylactic immunity to Defendant from discriminatory actions or omissions in their employment practices.  In addition, Defendant imposed upon employees and job applicants a five day deadline for disputing inaccuracies that is not required by the FCRA.

31.     FCO ordered a background screen of Plaintiff on or about August 12, 2014.

32.     Sterling completed the background screen of Plaintiff on August 14, 2014.

33.     Sterling's background report inaccurately stated that Plaintiff Martin had been arrested for a felony "Assault on Corrections Officer" on August 18, 2007 in Charleston, South Carolina.  As a result of the purported felony arrest, Sterling stated in the screening report that "THE INFORMATION IN THIS COMPLETED REPORT DOES NOT MEET HIRING CRITERIA."

---

[3]     *See Avila v. NOW Health Group, Inc*., 2014 WL 3537825, *2-3 (N.D. Ill. July 17, 2014); *Reardon v. Closetmaid Corporation*, 2013 WL 6231606, *10-11 (W.D. Pa. Dec. 2, 2013) (finding disclosure with liability waiver to be "facially contrary to the statute at hand, and all of the administrative guidance"); *Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *9 (D. Md. Jan. 25, 2012) ("[B]oth the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document.")

34.     The arrest was actually of another Kevin Martin, with no middle initial, a different address and a different social security number.  The charge against that other Kevin Martin was dismissed at a preliminary hearing on October 10, 2007.

35.     Plaintiff Kevin D. Martin has visited South Carolina only once, in 1992.  He has never been charged with a crime in any state.

36.     Several days after Sterling transmitted the background report to FCO, either FCO, or Sterling on behalf of FCO, mailed Plaintiff a copy of the background report, along with a letter dated August 15, 2014, rescinding the August 4 offer of employment.  The letter was signed by FCO's Vice-President for Collections, also named Kevin Martin.  A redacted copy of the letter is attached hereto as Exhibit B

37.     Plaintiff received the letter and the copy of the report on August 19, 2014.  A redacted copy of the report is attached hereto as Exhibit C.

38.     Plaintiff immediately telephoned Sterling and disputed the inaccuracy in the report.  He was told that Sterling would look into the matter and get back to him.

39.     Plaintiff then telephoned FCO's Mr. Martin, informed him of the inaccuracy and that he had disputed the inaccuracy with Sterling.

40.     Plaintiff then telephoned the General Sessions Clerk of Court in Charleston and was able to determine over the telephone that the Kevin Martin listed in Sterling's report had a social security number that proved him to be a different person.

41.     Following his call to the Charleston clerk's office, Plaintiff again telephoned Sterling and spoke to a second representative.  He told the representative that the Charleston court clerk had verified the arrest record was not his.  Again, the Sterling representative stated that someone would get back to Plaintiff concerning his dispute.

42.     Plaintiff Kevin Martin then sent an email to FCO's Kevin Martin reporting on the telephone call to the Charleston court clerk and the clerk's verification that the arrest record was that of a Kevin Martin with a different social security number.  FCO never replied to the email.

43.     As a direct result of FCO's unlawful use of the Sterling background report and Sterling's scoring of Mr. Martin's employment application, Mr. Martin lost the job opportunity at FCO.

## CLASS ACTION ALLEGATIONS

44.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Classes:

    **(a)**    **all natural persons residing within the United States and its Territories regarding whom, within five years prior to the filing of this action and extending through the resolution of this action, the Defendant procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the Consent Form provided to Mr. Martin and described above.**

    **(b)**    **All employees or applicants for employment of Defendant FCO residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a background report that scored them as not meeting hiring criteria, beginning two years prior to the filing of this action and continuing through the resolution of this action, and for whom FCO failed to provide the employee or applicant a copy of their consumer report or a copy of the FCRA summary of rights at least five business days before that determination.**

45.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  The Class members are so numerous that joinder of all is impractical. Upon information and belief, FCO obtains Consent Forms from employment applicants, conducts numerous background screens annually, and based on those screening reports, treats consumers as not meeting hiring criteria. Those persons' names and addresses are identifiable through documents maintained by FCO and/or Sterling.

46.     **Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common

questions of law and fact exist as to all members of the Class, and predominate over the questions affecting only individual members. The common legal and factual questions include, among others:

(a)     Whether FCO willfully or negligently violated section 1681b(b)(2) of the FCRA by procuring or causing to be procured consumer reports for employment purposes without providing a clear and conspicuous disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes;

(b)     Whether FCO willfully or negligently failed to provide each employee or applicant for employment a copy of their consumer report at least five business days before it took an adverse action based upon the consumer report;

(c)     Whether FCO willfully or negligently failed to provide each employee or applicant for employment a copy of their written notice of FCRA rights at least five business days before it took an adverse action based upon the consumer report;

(d)     Whether FCO acted willfully or negligently in disregard of the rights of employees and applicants in its failure to require its employees, automated systems and/or outside vendors to send consumers copies of all consumer reports relied on in classifying employment applicants as not meeting hiring criteria, with a written statement of their FCRA rights, before such classification occurred.

47.     **Typicality. FED. R. CIV. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

48.     **Adequacy.   FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of the Class.  His interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such

litigation, and he intends to prosecute this action vigorously.  Plaintiff and his Counsel will fairly and adequately protect the interests of members of the Class.

49.  **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by FCO's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by FCO's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## COUNT I – 15 U.S.C. § 1681b(b)(2)

50.  Plaintiff realleges and incorporates by reference all preceding allegations.

51.  Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

52.  The Sterling background reports ordered by Defendant are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

53.  Defendant is liable for willfully or negligently violating section 1681b(b)(2) of the FCRA by procuring or causing to be procured a consumer report for employment purposes

without first providing a clear and conspicuous disclosure in writing to the consumer in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes.

### COUNT II – 15 U.S.C. § 1681b(b)(3)

54.     Plaintiff realleges and incorporates by reference all preceding allegations.

55.     Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

56.     Sterling background reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

57.     Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A).  After an adverse action occurs, the consumer employment applicant must receive a second notice, mandated by 15 U.S.C. §1681m.

58.     The reasons for the "pre-adverse action" requirement with regard to employment situations are to alert the job applicant that he is about to be rejected based on the content of a report, and provide him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect is lost. The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, *before* taking such adverse action. 15 U.S.C. § 1681b(b)(3)(A).

59.     For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee," 15 U.S.C. § 1681a(k)(1)(B)(ii), or "an action taken or determination that is . . . (I) made in connection with an application that was made by . . . any consumer, . . . and  (II) adverse to the interests of the consumer." 15 U.S.C. § 1681a(k)(1)(B)(v).

60.     Defendant FCO is a "person" that regularly uses background reports for employment purposes.

61.     The FCRA requires FCO, as a user of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

62.     FCO willfully or negligently violated section 1681b(b)(3) of the FCRA by providing Plaintiff and the members of the Class with the following items after, rather than before, it took adverse actions regarding applications for employment: (a) the required Pre-Adverse Action Notice; (b) a copy of the background report; and, (c) a written description of the consumer's rights under the FCRA.  As a result of this violation of the FCRA, Plaintiff and the Class members were denied the opportunity to review and dispute the report before FCO took adverse action on their employment or promotion applications based on those reports.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martin and the Class pray for relief as follows:

A.     An order certifying the proposed Class under Rule 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.     An award of actual, statutory and punitive damages for Plaintiff and the Class;

C.     An award of pre-judgment and post-judgment interest as provided by law;

D.      An award of attorneys' fees and costs; and,

E.      Such other relief as the Court deems just and proper.

## **JURY TRIAL**

Plaintiff demands trial by jury.

Dated:  October 10, 2014          By:     *s/ Martin E. Wolf*
                                          Martin E. Wolf (Bar # 09425)
                                          **GORDON, WOLF & CARNEY CHTD.**
                                          102 W. Pennsylvania Avenue, Suite 402
                                          Towson, MD 21204
                                          410-825-2300
                                          410-825-0066 (facsimile)
                                          mwolf@GWCfirm.com

                                          James A. Francis (*pro hac vice* to be filed)
                                          John Soumilas (*pro hac vice* to be filed)
                                          David A. Searles (*pro hac vice* to be filed)
                                          **FRANCIS & MAILMAN, P.C.**
                                          100 S. Broad Street, 19th Floor
                                          Philadelphia, PA 19110
                                          215-735-8600
                                          215-940-8000 (facsimile)
                                          jfrancis@consumerlawfirm.com
                                          jsoumilas@consumerlawfirm.com
                                          dsearles@consumerlawfirm.com

                                          ***Attorneys for Plaintiff and the Class***