IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

KEVIN D. MARTIN

    Plaintiff,

v.                                                    Case No.: GJH-14-3191

FAIR COLLECTIONS &
OUTSOURCING, INC.

    Defendant.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Kevin Martin brings this two-count complaint against Defendant Fair

Collections & Outsourcing ("FCO") as a class action under the Fair Credit Reporting Act, 15

U.S.C. § 1681 *et seq.* (the "FCRA"). *See* ECF No. 1 at ¶ 1. FCO has moved to dismiss count one,

contending that Martin has failed to state a claim. *See* ECF No. 11. In count one, Martin alleges

that FCO willfully or negligently violated 15 U.S.C. § 1681b(b)(2) by procuring or causing to be

procured a consumer report for employment purposes without first providing a clear and

conspicuous disclosure in writing to the consumer in a document that consisted solely of the

disclosure. *See id.* at ¶ 53. A hearing is unnecessary. *See* Loc. R. 105.6 (Md.). For the reasons

explained below, FCO's motion to dismiss is DENIED.

## I.      BACKGROUND

In August 2014, Plaintiff Kevin D. Martin interviewed for a position with Defendant

FCO. *See* ECF No. 1 at ¶ 18. FCO offered Martin the position. *See id.* As part of the hiring

process, Martin signed a form entitled "Consent to Request Consumer Report and Investigative

Consumer Report Information" (the "disclosure form"). *See id.* at ¶ 19. FCO uses this form to

perform background checks on applicants for employment and uses the screening services of

Sterling Infosystems, Inc. ("Sterling") to perform the background check. *See id.* at ¶ 12.

The disclosure form requires the potential employee to acknowledge that Sterling will

obtain a consumer report and/or consumer investigative report and send it to FCO for

employment purposes. *See* ECF No. 1-3. The disclosure form also requires the potential

employee to acknowledge that Sterling may obtain additional information about the applicant

from a number of sources. *See id.* The form goes on to list investigative tools that could be used,

which includes a criminal background check, a search of a number of other databases, and

various other methods for gathering information. *See id.* A total of eight of the investigative tools

are marked on Martin's form.[1] *See id.* The form then provides the following:

> I acknowledge receipt of the attached summary of my rights under
> the Fair Credit Reporting Act and, as required by law, any related
> state summary of rights (collectively "Summaries of Rights").
>
> This consent will not affect my ability to question or dispute
> the accuracy of any information contained in a Report. I
> understand if COMPANY makes a conditional decision to
> disqualify me based all or in part on my Report, I will be provided
> with a copy of the Report and another copy of the Summaries of
> Rights, and if I disagree with the accuracy of the purported
> disqualifying information in the Report, I must notify
> COMPANY within five business days of my receipt of the
> Report that I am challenging the accuracy of such information
> with STERLING.
>
> I hereby consent to this investigation and authorize COMPANY to
> procure a Report on my background.
>
> In order to verify my identity for the purposes of Report
> preparation, I am voluntarily releasing my date of birth, social

---

[1] The selected investigative tools are: criminal background check, SSN trace/address locator,
employment credit report, education verification, employment verification, personal reference
verification, professional license/certification, and sex offender search.

> security number and the other information and fully understand
> that all employment decisions are based on legitimate non-
> discriminatory reasons.
>
> The name, address and telephone number of the nearest unit of the
> consumer reporting agency designated to handle inquiries
> regarding the investigative consumer report is: Sterling
> Infosystems, Inc. 1 State Street, 24th Floor, New York, NY 10004
> 877-424-2457 or 5750 West Oaks Boulevard, Ste. 100
> Rocklin, CA 95765 800-943-2589 or 6111 Oak Tree Boulevard,
> Independence, OH 44131 1800-853-3228

*See id.* The remainder of the form contains additional information for residents of certain states. *See id.* It also requires the applicant to provide certain identifying information and to sign and date the form. *See id.* Finally, a summary of rights is found on the last two pages. *See id.* The form is a total of five pages.

After Martin signed the disclosure form, Sterling completed the background check on August 14, 2014. *See id.* at ¶ 32. The resulting report inaccurately stated that Martin had been arrested for a felony offense on August 18, 2007 in Charleston, South Carolina. *See id.* at ¶ 33. On August 15, 2014, Martin received a letter from FCO rescinding the offer of employment along with a copy of the background report. *See id.* at ¶ 36.[2] Martin called both FCO and Sterling to dispute the background report findings. Although Sterling stated that they would respond to his dispute, Martin did not receive a reply and lost the job opportunity at FCO. *See id.* at 40–43.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss invoking 12(b)(6), "a complaint must contain sufficient factual

---

[2] Coincidentally, the Vice-President for Collections at FCO, and signatory on the letter, is also named Kevin Martin but is not related to the Plaintiff, s*ee* ECF No. 1 at ¶ 36, or, the Court assumes, to the Kevin Martin who was actually arrested on August 18, 2007.

matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678–79; *Twombly*, 550 U.S. at 545 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.").

Fed. R. Civ. P. 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.    DISCUSSION

FCO moves to dismiss count one of Martin's Complaint. *See* ECF No. 11. Count one alleges that FCO violated 15 U.S.C. § 1681b(b)(2) by "procuring or causing to be procured a

4

consumer report for employment purposes without first providing a clear and conspicuous

disclosure in writing to the consumer in a document that consists solely of the disclosure that the

consumer report may be obtained for employment purposes." ECF No. 1 at ¶ 53. FCO argues

that this count should be dismissed for two main reasons. First, FCO contends, Martin cannot

allege a violation of the FCRA because the disclosure form provided to Martin clearly meets the

requirements of the FCRA as a matter of law. *See* ECF No. 11-1 at 1. Second, even if the

disclosure form does violate the FCRA, FCO argues that Martin cannot recover because he has

neither alleged that FCO's negligence in violating the statute caused him actual damages nor that

FCO acted willfully in violating the statute. *See id.* at 2.

### A. The Disclosure Form

The Court will first address whether Martin's Complaint states a claim that the FCO form

violates 15 U.S.C. § 1681b(b)(2). The FCRA was enacted "[t]o safeguard the consumer in

connection with the utilization of credit." Pub. L. No. 90-321, 82 Stat. 146 (2003). Section

1681b(b)(2)(A) provides:

> . . . a person may not procure a consumer report, or cause a
> consumer report to be procured, for employment purposes with
> respect to any consumer, unless--
> (i) a clear and conspicuous disclosure has been made in writing to
> the consumer at any time before the report is procured or caused to
> be procured, in a document that consists *solely* of the disclosure,
> that a consumer report may be obtained for employment purposes;
> and
> (ii) the consumer has authorized in writing (which authorization
> may be made on the document referred to in clause (i)) the
> procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added)

FCO contends its disclosure form complies with this statute. *See* ECF No. 11-1 at 5–7.

Martin alleges that the form does not "solely" contain the disclosure as required by law. *See* ECF

5

No. 1 at ¶¶ 20–30. To resolve this dispute, the Court must consider what is meant by the word "solely" in the statute.

In interpreting a statute, the court first looks at whether the language has a plain and unambiguous meaning. *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341. "Solely" is defined by Merriam-Webster's online dictionary as "without anything or anyone else involved" and as "to the exclusion of all else." *See* ECF No. 1 at 6 n.1; *see also http://www.merriam-webster.com/dictionary/solely*. Further, this specific statute has been repeatedly addressed and interpreted by the Federal Trade Commission ("FTC"). In one advisory opinion, the FTC explained that "[i]t is our view that Congress intended that the disclosure not be encumbered with extraneous information. However, some additional information, such as a brief description of the nature of the consumer reports covered by the disclosure, may be included if the information does not confuse the consumer or detract from the mandated disclosure." Advisory Opinion to Coffey, Feb. 11, 1998, *available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98.* In another advisory opinion on the issue, the FTC stated that the disclosure notice and authorization may be combined into one document. *See Advisory Opinion to Hauxwell,* June 12, 1998, *available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-hauxwell-06-12-98.* In that same opinion the FTC cautioned that ". . . the form should not contain any extraneous information." *See id.* In fact, the FTC explained that the inclusion of a waiver by the consumer of his or her rights under the FCRA in a disclosure form "will violate Section 604(b)(2)(A) of the FCRA" because it is extraneous information. *See id.* With the inclusion of the waiver, the form no longer

consists "'solely' of the disclosure that a consumer report may be obtained for employment purposes." *See id.* In a third opinion on this topic, the FTC further advised that "[t]he disclosure may not be part of an employment application" because it would not be "in a document that consists solely of the disclosure." *See* Advisory Opinion to Leathers, Sept. 9, 1998, *available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leathers-09-09-98*.

Here, in addition to the disclosure that the consumer report would be obtained for employment purposes, FCO's form contains an authorization to obtain the report, information on when the applicant must challenge the accuracy of any report, an acknowledgement that the employee understands that 'all employment decisions are based on legitimate non-discriminatory reasons,' the name, address and telephone number of the nearest unit of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report, and several pieces of state-specific information. *See* ECF No. 1-3. The form is a total of five pages. *See id.* With all of this information, there is no question that FCO's disclosure form contains more than a disclosure that the background check would be obtained and an authorization to obtain the information. Thus, under the plain language of the statute, FCO's disclosure form does not contain "solely the disclosure," and the Court cannot say, as a matter of law, that it is acceptable under the FCRA. Plaintiff, therefore, states a claim that the disclosure form violates the FCRA. *See Singleton v. Domino's Pizza, LLC,* DKC-11-1823, 2012 WL 245965 at *7–8 (D. Md. Jan. 25, 2012) (denying motion to dismiss claim that defendant violated FCRA's disclosure requirements where defendant's form contained more than the disclosure and authorization— namely, a liability release—so the defendant could not show, as a matter of law, that its form complied with the FCRA); *but cf. Smith v. Waverly Partners, LLC,* 3:10-CV-00028-RLV-DSC, 2012 WL 3645324 at * 6 (W.D.N.C. Aug. 23, 2012) (granting defendant summary judgment

after finding inclusion of waiver was not permitted under 15 U.S.C. § 1681b(b)(2) but that the disclosure and authorization were nonetheless adequate because the waiver was a single sentence that did not create so great a distraction as to discount the effectiveness of the disclosure).

### B.  Willful Violation

FCO asserts that Martin's claim should be dismissed even if the disclosure form violates the FCRA because he has not sufficiently alleged that FCO acted willfully or negligently. *See* ECF No. 11-1 at 13–14. The FCRA permits a plaintiff to recover for a violation of the statute only when a defendant acted either negligently or willfully in violating the statute's requirements. *See* 15 U.S.C. § 1681o(a)(1) (providing that a plaintiff may recover actual damages in cases of negligent noncompliance); § 1681n (a)(1)(A) (providing for statutory damages in cases of willful noncompliance). Without negligent or willful misconduct, the FCRA does not provide for any recovery. *See Safeco Ins. Co. v. Burr*, 551 U.S. 47, 53 (2007). For the reasons explained below, the Court finds that Plaintiff sufficiently states a claim for, at least, willful violation of 15 U.S.C. § 1681b(b)(2).[3]

A defendant acts willfully under the FCRA by either knowingly or recklessly disregarding its statutory duty. *Safeco Ins. Co.*, 551 U.S. at 57–60. An "objectively unreasonable" reading of the statute can lead to a finding of recklessness. *Id.* at 69–70. "[A]ssertions that a defendant was aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal." *Singleton*, 2012 WL 245965 at *4. Some courts have found that a plaintiff sufficiently alleges an objectively unreasonable reading of 15 U.S.C. § 1681b(b)(2) when a defendant's disclosure form

---

[3] Because Martin's claim sufficiently alleges willful violation of 15 U.S.C. § 1681b(b)(2), the claim survives FCO's motion to dismiss, and the Court will not address whether Martin's claim sufficiently alleges a negligence violation.

8

contains anything more than the disclosure and authorization because the "statute and available agency guidance" demonstrate that the inclusion of additional information violates 15 U.S.C. § 1681b(b)(2). *Moore v. Rite Aid Headquarters Corp.*, 13-1515, 2015 WL 3444227 at \*12 (E.D. Pa. May 29, 2015).

Courts reviewing disclosure forms quite similar to the one in this case have denied motions to dismiss for failure to state a claim for willful violation. *See Miller v. Quest Diagnostics*, -- F.Supp. 2d --, 2:14-cv-04278-SRB, 2015 WL 545506 at \* 3 (W.D. Mo. Jan. 28, 2015); *Jones v. Halstead Mgmt. Co., LLC*, -- F.Supp. 3d --, No. 14-CV-3125 VEC, 2015 WL 366244 at \* 5–6 (Jan. 27, 2015). Specifically, the court in *Miller* determined that the plaintiff had sufficiently alleged a willful violation where the complaint alleged that the defendant included state-mandated consumer report information, administrative sections, and release language even though the defendant knew that they were required to use a form that consisted only of the FCRA disclosure and authorization. *See Miller*, 2015 WL 545506 at \* 3. Similarly, in *Jones*, the court stated that the disclosure's inclusion of "information regarding time frames within which the applicant must challenge the accuracy of any report; an acknowledgement that 'all employment decisions are based on legitimate non-discriminatory reasons'; the name, address and telephone of 'the nearest unit of the consumer reporting agency designated to handle inquiries regarding the investigative consumer report'. . . ; and all sorts of state-specific disclosures . . . stretched what should be a simple disclosure form to two full pages of eye-straining tiny typeface writing." *See Jones*, 2015 WL 366244 at \* 6. Thus, the court found that the plaintiff stated a claim for willful violation, agreeing with the plaintiff that the form deviated so far from the FCRA requirement as to be "objectively unreasonable." *See id.* (internal quotation marks omitted); *See also Speer v. Whole Food Market Group, Inc.*, 8:14-cv-3035-T-

9

26TBM, 2015 WL 1456981 at * 4 (M.D. Fla. Mar. 30, 2015) ("The allegations that Defendant had access to legal advice and guidance from the Federal Trade Commission yet it knew that its conduct was inconsistent with that guidance and the plain terms of the statute, are sufficient to withstand attack at this stage of the proceedings on a motion to dismiss.").[4]

Here, FCO's disclosure form, being almost identical to those in *Miller* and *Jones*, contained more information than would seem to be acceptable under 15 U.S.C. § 1681b(b)(2), which requires the form to consist "solely of the disclosure." Martin alleges that FCO knew or should have known that the disclosure form violated the FCRA because of the statutory language of 15 U.S.C. § 1681b(b)(2), *see* ECF No. 1 at ¶ 24, and the FTC's advisory opinions. *See id.* at ¶¶ 25–18. The Court agrees. Martin's complaint states a claim for willful violation of 15 U.S.C. § 1681b(b)(2). *Compare Moore*, 2015 WL 3444227 at *12 (". . . plaintiff's allegations are sufficient to show that defendant's conduct was objectively unreasonable in light of the clear state of the law and thus plaintiff has stated a plausible claim for a willful violation of § 1681b(b)(2)(A)."); *with Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010) (affirming dismissal where allegations of willfulness were insufficient to state a claim for violation of 15 U.S.C. § 1681c(g) because defendant's reading of the statute was objectively reasonable and there had been no contrary opinion from a court or federal agency suggesting the defendant's interpretation was wrong); *cf. Reardon v. ClosetMaid Corp.*, 2:08-cv-01730, 2013

---

[4] In support of dismissal, FCO provided the Court with an order issued in *Peikoff v. Paramount Pictures Corp.*, 15-cv-68, (N.D. Cal. Mar. 25, 2015), where the court found that the plaintiff failed to state a claim that the defendant had acted in willful violation of 15 U.S.C. § 1681b(b)(2). There, the employment disclosure included a certification that the information was true and correct. The court determined that the one-sentence certification was in the same paragraph as the disclosure and was related to the disclosure and the claim failed to plausibly allege a reckless violation. Given the lack of similarity to this case, and the brevity of the order, the Court does not find this order persuasive.

WL 6231606 at * 9 (W.D. Pa. Dec. 2, 2013) (granting summary judgment in plaintiff's favor on the issue of willful violation where disclosure form contained waiver of rights because statute and agency guidance was clear that disclosure form could only contain disclosure and authorization, making defendants interpretation objectively unreasonable).

## IV.    CONCLUSION

For the reasons discussed above, Defendant FCO's Motion to Dismiss count one of Plaintiff's Complaint, ECF No. 11, is DENIED.

A separate order shall follow.

Dated: June **29** , 2015

George J. Hazel
United States District Judge